## (July 22, 1965)

■  David Kamerman, Respondent, v. State of New York, Appellant. (Claim No. 43810.) — *Per Curiam.* Appeal from an order of the Court of Claims which denied a motion by the State to dismiss the claim for failure to state a cause of action. The denial was "without prejudice to a renewal thereof during or at the conclusion of trial", which provision would seem to indicate misapprehension as to the function of a motion to dismiss for legal insufficiency; and although the State contends that this constituted a deferment and correctly argues that it was entitled to a decision with finality, we treat

the order as an unconditional denial. Claimant, describing himself as the "initiating sponsor" of a proposed limited-profit housing project, alleges that the project was frustrated when the New York State Housing Finance Agency declined further action with respect to it after being advised that the Triborough Bridge and Tunnel Authority would acquire, for purposes of an expressway, a strip of land traversing the proposed site; and that in consequence claimant had been damaged in the amount of $486,589. This sum included a prospective "contractor's profit allowance" of $318,407, in respect of which there were no allegations indicating claimant's interest therein or entitlement thereto; and the balance of the damage claimed consisted in large part of preliminary development costs incurred "in reliance upon the * * * approval of the project by the New York State Division of Housing"; but elsewhere in the claim this approval (for which, in the context alleged, there appears to be no explicit authorization in the statute) is averred to have been granted some four months after the acquisition of the site, while the certificate of incorporation of the housing company itself was approved some eight months after the acquisition and it is not alleged that the certificate of necessity required to precede acquisition by the housing company (Private Housing Finance Law, §§ 29, 27, subd. 1) was ever issued, or, indeed, that the site was ever acquired by that company. The claim alleges that the site was, in fact, acquired, and the development costs paid by a business corporation, which claimant alleges "was under [his] domination and control". Claimant's right to damages apparently depends on his allegations that "plaintiff through Kambro Realty Corp. acquired by purchase the land" and "plaintiff through Kambro Realty Corp. incurred expenditures" for preliminary development costs. Recovery of the $486,589 damages alleged is sought under each of three causes of action. The first is predicated on the breach by the State of a supposed fiduciary obligation owed to claimant as one engaged with the State in a joint venture "for the public interest and welfare", in failing earlier to disclose the plans of the Triborough Bridge and Tunnel Authority, and more specifically in the omission of the Department of Public Works, allegedly with "exclusive knowledge" of the expressway plans, "to disclose such knowledge to the * * * Division of Housing" to enable performance by the State of its alleged "duty to prevent the plaintiff from pursuing the [housing] project from its inception". The second cause of action alleges that the State "maliciously misled plaintiff by failing to disclose to plaintiff that the * * * project was in fact doomed from inception". Third and finally, the claim charges, by reason of the State's "failure to permit plaintiff to continue and complete said project", a breach of the State's obligation under the alleged mortgage commitment. Certain disclaimers and other statements contained in the affidavit made by claimant in opposition to the motion weaken and in some respects confuse his already questionable pleading. Assuming arguendo, however doubtful the assumption, that a cause of action might, under somewhat different circumstances, be spelled out in favor of someone, this claim fails to demonstrate that any damages accrued in favor of the claimant. Neither is there an indication of any basis for a recovery by claimant arising out of his interest in or asserted "domination and control" of the business corporation which incurred the development expenses, but was not, of course, a housing company or eligible to undertake any procedures under the housing statute and hence could claim no damage by reason of the refusal to issue final approval or on account of any of the other acts and omissions complained of. Order reversed, on the law and the facts, and motion to dismiss claim granted, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.